Opinion issued December 1, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00980-CR

———————————

Lemarcus Eugene Sutton, Appellant

V.

State of
Texas, Appellee



 



 

On Appeal from the 400th District Court

Fort Bend County, Texas



Trial Court Case No. 09DCR052766A

 



MEMORANDUM OPINION

          Appellant,
Lemarcus Eugene Sutton, pleaded not guilty to the offense of unlawful
possession of a firearm by a previously convicted felon.  A jury found appellant guilty of the charge,
and assessed punishment at four years and six months’ confinement.  The trial court certified appellant’s right to appeal, and
appellant timely filed a notice of appeal.

          Appellant’s appointed counsel on
appeal has filed a motion to withdraw and an Anders brief stating that the record presents no reversible error
and therefore the appeal is without merit and is frivolous.  See
Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).  We grant counsel’s motion to withdraw and affirm
the trial court’s judgment.

An attorney has an ethical obligation to refuse to prosecute
a frivolous appeal.  In re Schulman, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).  If an appointed attorney finds a case to be
wholly frivolous, his obligation to his client is to seek leave to
withdraw.  Id.  Counsel’s obligation to
the appellate court is to assure it, through an Anders brief, that, after a complete review of the record, the
request to withdraw is well-founded.  Id.

We may not grant the motion to withdraw until:

(1)     the
attorney has sent a copy of his Anders
brief to his client along with a letter explaining that the defendant has the
right to file a pro se brief within 30 days, and he has ensured that his client
has, at some point, been informed of his right to file a pro se petition for
discretionary review with the Texas Court of Criminal Appeals; 

(2)     the
attorney has informed this Court that he has performed the above duties; 

(3)     the
defendant has had time in which to file a pro se response; and

(4)     we
have reviewed the record, the Anders brief,
and any pro se brief.

See id. at 408–09.  If we agree that the appeal
is wholly frivolous, we will grant the attorney’s motion to withdraw and affirm
the trial court’s judgment.  See Garner v. State, 300 S.W.3d 763, 766
(Tex. Crim. App. 2009).  If we conclude that arguable grounds for
appeal exist, we will grant the motion to withdraw, abate the case, and remand
it to the trial court to appoint new counsel to file a brief on the merits.  See
Bledsoe v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).  

Here, counsel’s brief reflects that
he delivered a copy of the brief to appellant and informed him of his right to
examine the appellate record and to file a response.  See Schulman,
252 S.W.3d at 408.  Appellant has not filed
a response.

          Counsel’s
brief meets the Anders requirements
by presenting a professional evaluation of the record.  See
Anders, 386 U.S. at 744, 87 S. Ct. at 1400; see also High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978).  Counsel discusses the evidence adduced at the
trial, supplies us with references to the record, and provides us with citation
to legal authorities.  Counsel indicates
that he has thoroughly reviewed the record and that he is unable to advance any
ground of error that warrants reversal.  See Anders, 386 U.S. at 744, 87 S. Ct.
at 1400; Mitchell v. State, 193
S.W.3d 153, 154 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  

We have independently reviewed the
entire record, and we conclude that no reversible error exists in the record,
that there are no arguable grounds for review, and that therefore the appeal is
frivolous.  See Anders, 386 U.S. at 744, 87 S. Ct. at 1400; Garner, 300 S.W.3d at 767 (explaining
that frivolity is determined by considering whether there are “arguable
grounds” for review); Bledsoe, 178
S.W.3d at 826–27 (emphasizing that reviewing court—and not counsel—determines,
after full examination of proceedings, whether appeal is wholly frivolous); Mitchell, 193 S.W.3d at 155.  An appellant may challenge a holding that
there are no arguable grounds for appeal by filing a petition for discretionary
review in the Court of Criminal Appeals. See
Bledsoe, 178 S.W.3d 827 & n.6.

          We
affirm the judgment of the trial court and grant counsel’s motion to withdraw.[1]
 Attorney J. Sidney Crowley must
immediately send the notice required by Texas Rule of Appellate Procedure
6.5(c) and file a copy of that notice with the Clerk of this Court.  See
Tex. R. App. P. 6.5(c).  We dismiss all pending motions as moot.

PER CURIAM

Panel
consists of Chief Justice Radack and Justices Bland and Huddle.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]
          Appointed counsel still has a duty to inform appellant of the result of
this appeal and that he may, on his own, pursue discretionary review in the
Texas Court of Criminal Appeals. See
Bledsoe v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).